IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JACQUELINE WILLIAMS, as Special
Administrator of the Estate of Autry Lee
Sams, deceased, and on behalf of the
Wrongful death beneficiaries of Autry Lee Sams        PLAINTIFF

v.                    Case No. 1:18-cv-1028

CAMDEN II OPERATIONS, LLC d/b/a/
PINE HILLS HEALTH AND REHABILITATION
CENTER; *et al.*                                       DEFENDANTS

## ORDER

Before the Court is Plaintiff Jacqueline Williams' Motion to Remand. (ECF No. 14). Defendants filed a response. (ECF No. 17). Plaintiff filed a reply. (ECF No. 24). Defendants filed a sur-reply. (ECF No. 28). The Court finds the matter ripe for consideration.

### I. BACKGROUND

From April 5, 2015, until February 1, 2017, Autry Lee Sams was a resident of Pine Hills Health and Rehabilitation Center ("Pine Hills") in Camden, Arkansas. Mr. Sams died on February 8, 2017. On April 25, 2018, Plaintiff filed this action in the Circuit Court of Ouachita County, Arkansas, against Defendants, who are various corporate entities and individuals allegedly involved in some fashion with Pine Hills. Plaintiff asserts claims of negligence and medical malpractice on behalf of Mr. Sams' estate and wrongful death beneficiaries.

Plaintiff alleges that Mr. Sams was incapable of independently providing for his daily care and personal needs, and thus, he relied on Pine Hills for the same. Plaintiff alleges that Defendants' failure to adequately staff Pine Hills led to Mr. Sams suffering various injuries, including: multiple falls with injuries; urinary tract infections and sepsis; acute kidney injury; pressure sores; skin tears

and abrasions; dehydration; malnutrition; delay in treatment; poor hygiene; unnecessary pain and suffering; and untimely death.

On May 24, 2018, Defendants removed the case to this Court. In doing so, Defendants asserted that the Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity between parties and the matter in controversy exceeds $75,000. Defendants asserted that Plaintiff is a citizen of Arkansas and that Separate Defendants Camden II Operations d/b/a Pine Hills LLC Health and Rehabilitation Center; Southern Administrative Services, LLC; Ross M. Ponthie; John Ponthie; and JEJ Investments, LLC are citizens of Louisiana and/or Texas. Defendants state that although Separate Defendant Robin Looney is a citizen of Arkansas, Plaintiff proceeds against her "in her capacity as the administrator of Pine Hills." Defendants contend that because Plaintiff has sued Separate Defendant Looney solely in her "official capacity" as an administrator, the Court should disregard Separate Defendant Looney's personal citizenship for purposes of determining diversity jurisdiction and instead utilize the citizenship of her employer, Pine Hills.[1] Accordingly, Defendants conclude that complete diversity exists.

On June 18, 2018, Plaintiffs filed the instant motion to remand, arguing that the Court does not have subject-matter jurisdiction under 28 U.S.C. § 1332(a) because there is not complete diversity between parties. Defendants oppose the motion.

## II. DISCUSSION

Plaintiff asks the Court to remand this action to the Circuit Court of Ouachita County, Arkansas, because there is not complete diversity between parties. Defendants argue in response that complete diversity exists, and even if it does not, that Separate Defendant Looney was

---

[1] It is undisputed that Pine Hills is a citizen of Louisiana and Texas.

2

fraudulently joined and, thus, her citizenship may be ignored for purposes of diversity jurisdiction. The Court will first determine whether complete diversity exists, and if not, the Court will then determine whether Plaintiffs fraudulently joined Separate Defendant Looney such that her citizenship may be ignored.

**A. Complete Diversity**

Defendants removed the case to this Court on the basis of diversity jurisdiction. Plaintiff argues that there is not complete diversity and, thus, the Court must remand the case to state court.

Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013). A defendant in state court may remove a case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). This requirement can be met in one of two ways: (1) when the case in question involves a federal question, or (2) when diversity jurisdiction exists. The party seeking removal or opposing remand has the burden of establishing federal jurisdiction, and all doubts on that issue are to be resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). A case must be remanded to the state court from which it was removed whenever the federal court concludes that subject matter jurisdiction is nonexistent. 28 U.S.C. § 1447(c).

Defendants removed the case to this Court on the basis of diversity jurisdiction. Federal district courts have original jurisdiction over civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Diversity of citizenship under 18 U.S.C. § 1332 requires complete diversity. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Complete diversity "exists where no defendant holds

3

citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The parties do not dispute that Plaintiff is an Arkansas citizen and that all Defendants other than Separate Defendant Looney are citizens of states other than Arkansas. Accordingly, the only question before the Court is whether Separate Defendant Looney's citizenship destroys diversity jurisdiction.

Plaintiff argues that there is not complete diversity because Plaintiff and Separate Defendant Looney are both Arkansas citizens. In support, Plaintiff provides the Court with documents indicating: (1) that Separate Defendant Looney resides in El Dorado, Arkansas; (2) that she has been a registered voter in Arkansas since 2000; and (3) that she pays taxes in Union County, Arkansas.

Defendants do not contest that Separate Defendant Looney is an Arkansas citizen. Instead, they argue that she is named in the case caption as "Robin R. Looney, in her capacity as Administrator of Pine Hills Health and Rehabilitation Center," and thus, she is being sued in her "official" capacity. Defendants argue further that when an individual is sued in their official capacity, the suit is effectively against the individual's employer—Pine Hills, in this instance. Thus, Defendants assert that Separate Defendant Looney's personal citizenship is irrelevant, and the Court should instead use Pine Hills' citizenship in determining whether complete diversity exists.[2]

Plaintiff argues in reply that Defendants provide no binding authority supporting the

---

[2] Defendants also argue that Plaintiff's complaint makes no specific allegations regarding Separate Defendant Looney, which further supports a finding that she has only been sued in her official capacity and not her individual capacity. The Court finds this argument unprevailing because, as discussed in further detail in the following section, Plaintiff's complaint makes numerous specific allegations regarding Separate Defendant Looney's actions and how they proximately caused Mr. Sams' alleged injuries.

4

proposition that Separate Defendant Looney's citizenship must be disregarded. To the contrary, Plaintiff asserts that federal courts have remanded similar nursing home cases for lack of complete diversity based on the non-diverse citizenship of a nursing-home administrator.

Upon consideration, the Court agrees with Plaintiff. Defendants argue that because the case caption in this matter names Separate Defendant Looney "in her capacity as Administrator of Pine Hills Health and Rehabilitation Center," she is thus being sued in her "official capacity," and the Court must disregard her personal citizenship and instead look to the citizenship of her employer, Pine Hills.[3] In support of this argument, Defendants primarily cite four cases: *Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017); *Alternate Fuels, Inc. v. Cabanas*, 435 F.3d 855 (8th Cir. 2006); *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700 (7th Cir. 1991); and *Placide Ayissi-Etoh v. Mae*, 49 F. Supp. 3d 9, 11 (D.D.C. 2014). As the removing party and the party opposing remand, Defendants bear the burden of proving federal jurisdiction. *Transit Cas. Co.*, 119 F.3d at 625. Accordingly, the Court will determine whether Defendants' cited authority supports their argument for disregarding Separate Defendant Looney's citizenship in this case.

In *Alternate Fuels*, the Eighth Circuit stated that because a state employee was sued in his official capacity pursuant to 42 U.S.C. § 1983, the suit was one against the state, which has no citizenship for diversity purposes. *Alternate Fuels*, 435 F.3d at 860 n.2. Similarly, in *Corcoran*, the Seventh Circuit ruled that an interpleader action that named as a defendant the administrator of a state agency was equivalent to a suit against the state agency itself. *Corcoran*, 921 F.2d at 704-05.

The Court is not persuaded by these cases. To be sure, section 1983 claims against a state

---

[3] Defendants also argue that Plaintiff's claims against Separate Defendant Looney should be dismissed as redundant to the claims being asserted against Pine Hills. (ECF No. 17, p. 9). This argument is more akin to one that should instead be made in a motion to dismiss, and the Court declines to address it in ruling on the instant motion to remand.

or county employee in their official capacity are considered claims against the employing government entity. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). However, Plaintiff has not asserted a section 1983 claim in this case. Moreover, Separate Defendant Looney is not a state or county employee, but rather is employed by a private business entity. As a result, the Court finds that *Alternate Fuels* and *Corcoran* are distinguishable from the case at bar. Accordingly, the Court declines to apply their reasoning to the issue at hand.

In *Couzens*, the plaintiff, a Missouri citizen, asserted various tort claims against individuals who were Missouri citizens, both individually and in their capacities as officers of a foreign, forfeited corporation. *Couzens*, 854 F.3d at 511. He did so because he believed that he could not sue the forfeited corporate entity directly. *Id.* at 513. The Eighth Circuit held that the plaintiff could have sued the corporate entity pursuant to Missouri law and affirmed the district court's dismissal of the individual defendants on the basis that the plaintiff had not made any factual allegations against them, and thus, they had been fraudulently joined. *Id.*

Despite Defendants' contentions, *Couzens* does not address the issue of whether, for purposes of determining diversity jurisdiction, a court may disregard the citizenship of an individual being sued in their "capacity" as an employee of a private business. As a result, the Court finds *Couzens* to be distinguishable. Accordingly, the Court declines to apply it to the issue at hand.

In *Placide Ayissi-Etoh*, a *pro se* plaintiff brought an employment-discrimination suit against his former corporate-entity employer and four corporate officers in the capacities of their corporate positions. *Placide Ayissi-Etoh*, 49 F. Supp. 3d at 10. The court found that the plaintiff's complaint explicitly stated that he moved against the corporate-officer defendants in their official corporate capacities only. *Id.* at 13; *see also* Amended Complaint, *Placide Ayissi-Etoh v. Mae*,

6

No. 1:10-cv-1259 (D.D.C. September 1, 2010), ECF No. 10, p. 3 (stating that the corporate-officer defendants "in [their] official capacity" are necessary parties for complete relief). Although the plaintiff averred that he intended to proceed against the corporate-officer defendants in their individual capacities, the court found that his complaint failed to give them notice of such.[4] *Id.* The court also found that the plaintiff could not amend his complaint to assert individual capacity claims against the corporate-officer defendants because such an amendment was time-barred by the statute of limitations for claims under 42 U.S.C. § 1981. *Id.* Accordingly, the court dismissed the plaintiff's claims against the corporate-officer defendants after finding that the official capacity claims against them were redundant of the claims being asserted against the corporate entity. *Id.* at 14.

Defendants argue that *Placide Ayissi-Etoh* supports their proposition that the official capacity/individual capacity distinction applies to claims other than those made against state employees. The Court wishes to note at the onset that *Placide Ayissi-Etoh* is not binding precedent on this Court, but even so, the Court is not persuaded by *Placide Ayissi-Etoh*'s reasoning. In deciding that the styling of the plaintiff's complaint established his intent to proceed only against the corporate-officer defendants in their official capacities only, the *Placide Ayissi-Etoh* court relied solely on cases brought under 42 U.S.C. § 1983 against state employees. *See id.* at 13. However, the plaintiff was not proceeding under section 1983 and was not proceeding against public employees. The *Placide Ayissi-Etoh* court did not address this point or cite caselaw authorizing the extension of the official/individual capacity dichotomy from section 1983 cases to

---

[4] In reaching this conclusion, the *Placide Ayissi-Etoh* court noted, among other things, that the plaintiff served the corporate-officer defendants at their workplace and that mailroom employees, not the defendants themselves, received the complaint and summons. *Id.* at 10. Additionally, the Court noted that the "relief sought" section of the plaintiff's complaint requested relief from "essentially [the corporate-entity defendant]" and did not specifically request relief from any of the corporate-officer defendants. *Id.* at 13. In the case at bar, however, Plaintiff served Separate Defendant Looney at her home and Plaintiff's complaint requests relief from all named Defendants.

a case in which employment-discrimination claims were made against private actors. Moreover, *Placide Ayissi-Etoh* did not deal with the question of whether, for determining diversity jurisdiction, the corporate-officer defendants' citizenship should be disregarded in lieu of the corporate entity's citizenship. For these reasons, the Court finds *Placide Ayissi-Etoh* distinguishable and unpersuasive, and the Court declines to apply its reasoning in this case.

As the parties opposing remand, Defendants bear the burden of establishing federal jurisdiction, and all doubts on that issue are to be resolved in favor of remand. *Transit Cas. Co.*, 119 F.3d at 625. As discussed above, Defendants have provided the Court with no binding caselaw supporting their assertion that the Court must disregard Separate Defendant Looney's citizenship and instead consider her employer's citizenship for purposes of diversity jurisdiction. Moreover, the Court is unaware of any such authority. In addition, it appears that at least one other federal court has granted a motion to remand a similar case due to lack of diversity jurisdiction after considering the personal citizenship of individuals who were sued solely in their "capacity as administrator" of a defendant nursing home. *See Rice v. Adcare Operations LLC*, No. 4:16-cv-0599-JLH, 2016 WL 6123156, at *2 (E.D. Ark. Oct. 19, 2016) (remanding after determining that the plaintiff and nursing home administrator defendants were citizens of the same state). Accordingly, the Court finds that Separate Defendant Looney is an Arkansas citizen, and as such, complete diversity does not exist in this case, as Plaintiff is also an Arkansas citizen. *See OnePoint Solutions, LLC*, 486 F.3d at 346.

However, this finding is not dispositive of the instant motion, as Defendants also contend that Separate Defendant Looney's citizenship should be disregarded because she was fraudulently joined. The Court will now take up that argument.

**B. Fraudulent Joinder**

Defendants argue in the alternative that Plaintiff fraudulently joined Separate Defendant Looney to avoid removal. Thus, Defendants argue that the Court should ignore her non-diverse citizenship and find that the Court has original jurisdiction under 28 U.S.C. § 1332(a).

Fraudulent joinder is "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). In other words, fraudulent joinder exists when a party has been joined to deprive the federal court of jurisdiction. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). In assessing a fraudulent joinder claim, courts "must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Filla*, 336 F.3d at 811. The relevant inquiry in analyzing fraudulent joinder focuses only on whether a plaintiff "might" have a "colorable" claim under state law against a fellow resident. *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007).

In determining if non-diverse parties have been fraudulently joined to avoid removal, district courts should resolve all facts and ambiguities in current substantive law in the plaintiff's favor. *Filla*, 336 F.3d at 811. In situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court to not decide the doubtful question in connection with a motion to remand and simply remand the case and leave the question for the state courts to decide. *Id.* Courts must remand if "there is even a possibility" that the plaintiff has stated a colorable cause of action against the in-state defendants. *See In re Business Men's Assurance Co. of Am.*, 992 F.2d 181 (8th Cir. 1993) (stating that all doubts should be resolved in favor of remand).

Defendants argue that Plaintiff fraudulently joined Separate Defendant Looney because there is no reasonable basis in law or fact to assert a claim against her. Defendants argue that Plaintiff's complaint fails to allege that Separate Defendant Looney was personally involved in any acts or events causing injury to Mr. Sams, save for generic, threadbare allegations that fail to state a cognizable claim. Defendants argue further that Plaintiff failed to allege facts to satisfy the elements of a negligence claim, specifically, that Separate Defendant Looney owed a duty to Mr. Sams stemming from her position as administrator at Pine Hills. Defendants argue that Arkansas law instructs that a nursing home administrator does not owe a duty of care to residents solely by virtue of their position, but rather, a duty is created only when the administrator is personally involved in an act or event causing injury to the resident. Defendants assert that, because Plaintiff has not alleged that Separate Defendant Looney was personally involved in Mr. Sams' treatment at Pine Hills, that Plaintiff cannot satisfy all elements for the negligence claim asserted against Separate Defendant Looney.

Plaintiff concedes that Arkansas law requires allegations that a nursing home administrator was directly involved with the care provided by a nursing home to its residents. Plaintiff argues that she has specifically alleged that Separate Defendant Looney was directly involved with and oversaw the care provided to Mr. Sams, in part through her direct responsibility—and failure—to supervise and control the levels, quality, and training of competent staff who provided hands-on care to Mr. Sams. Plaintiff argues further that she alleged that Separate Defendant Looney's failure to perform these duties was the proximate cause of Mr. Sams' injuries, and accordingly, she has stated a colorable cause of action for negligence against Separate Defendant Looney.

"Negligence is defined as the failure to do something that a reasonably careful person would do, or the doing of something that a reasonably careful person would not do, under the

circumstances." *New Maumelle Harbor v. Rochelle*, 338 Ark. 43, 46, 991 S.W.2d 552, 553 (1999). To prevail on a negligence claim, a plaintiff must show that she sustained damages, that the defendant was negligent—that they owed a duty of care and breached that duty—and that the defendant's negligence proximately caused injuries. *See Carnell v. Elder Outreach of Little Rock*, 2012 Ark. App. 698, *5, 425 S.W.3d 787, 791. Whether a duty arises from the relationship between two parties is a matter of law. *See Yanmar Co., Ltd. v. Slater*, 2012 Ark. 36, *16, 386 S.W.3d 439, 449. "Duty is a concept that arises out of the recognition that relations between individuals may impose upon one a legal obligation for the other." *Bedell v. Williams*, 2012 Ark. 75, *6, 386 S.W.3d 493, 499.

"Arkansas courts on several occasions have considered whether . . . individuals who served as administrators of nursing homes were personally liable to residents." *Tuohey v. Chenal Healthcare, LLC*, No. 4:15-cv-0506 JLH, 2017 WL 2177981, at *5 (E.D. Ark. May 17, 2017). "Those cases look to whether the . . . individual was personally involved in the events that led to the resident's injury or personally participated in the resident's care." *Id.* (collecting cases). "Absent some involvement in the events that led to the resident's injury or personal participation in the resident's care, Arkansas courts have held that the defendant owed no duty to the resident, or that even if the defendant owed some type of duty to the resident, the defendant's conduct was not the proximate cause of the resident's injuries." *Id.*

Upon consideration, the Court finds that Plaintiff has made a colorable claim under Arkansas law against Separate Defendant Looney. Plaintiff has alleged, *inter alia*, that Separate Defendant Looney failed to adequately hire, train, evaluate, and supervise a sufficient level of staff at Pine Hills and that, as a result, Mr. Sams suffered various injuries because he did not receive appropriate treatment and care. Defendants argue that these allegations are insufficient to state a

claim of negligence against Separate Defendant Looney. The Court is unpersuaded by this argument. Defendants do not argue that Plaintiff *cannot* state a claim against Separate Defendant Looney under the facts present in this case, but only that she *did not* do so in her complaint. "The relevant inquiry in analyzing fraudulent joinder, however, focuses only on whether a plaintiff 'might' have a 'colorable' claim under state law against a fellow resident . . . not on the artfulness of the pleadings." *Wilkinson*, 478 F.3d at 964 (8th Cir. 2007) (internal citation omitted); *see also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (stating that, to prove fraudulent joinder, a defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion").

Arkansas law provides that a nursing home administrator may be liable to a nursing home resident on a cause of action based on deficient care if the administrator was personally involved in the events surrounding the resident's injury. *See, e.g.*, *Bedell*, 2012 Ark. at *6, 386 S.W.3d at 499; *Bayird v. Floyd*, 2009 Ark. 455, *10, 344 S.W.3d 80, 86 (2009) (affirming summary judgment in favor of a nursing home administrator defendant where the plaintiff showed no facts "specifically relevant to [the administrator's] direct personal involvement with the level of staffing and supplies used or denied in [the resident's] care"). Plaintiff has alleged that Separate Defendant Looney failed to ensure that Pine Hills had a sufficient level of competent staff to provide care and treatment to Mr. Sams. Bearing in mind that all facts and ambiguities in current substantive law must be viewed in Plaintiff's favor, *Filla*, 336 F.3d at 811, the Court finds that Plaintiff's allegations indicate a reasonable basis for believing that Arkansas might impose liability against Separate Defendant Looney, which is all that is required to defeat a fraudulent joinder challenge. *Wilkinson*, 478 F.3d at 964 (8th Cir. 2007).

## III. CONCLUSION

For the above-discussed reasons, the Court finds that Plaintiff's Motion to Remand (ECF No. 14) should be and hereby is **GRANTED**.[5]  The Court finds that Separate Defendant Looney was not fraudulently joined and, thus, the Court lacks subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).  Accordingly, this matter must be remanded to state court.  28 U.S.C. § 1447(c).  The Court hereby instructs the Clerk of Court to immediately **REMAND** the matter to the Circuit Court of Ouachita County, Arkansas, for further disposition.

**IT IS SO ORDERED**, this 21st day of August, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge

---

[5] In light of this ruling, Plaintiff's request for a hearing on the instant motion is hereby denied as moot.